IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID NEMAN, Individually, and on behalf of all others similarly situated, §§§ Plaintiffs, § § vs. § § GREATER HOUSTON ALL-PRO AUTO § INTERIORS, LLC, DENT WIZARD § INTERNATIONAL CORPORATION, § KYLE A. ANDERSON, and § KELLY G. CONGER, § Defendants. § | CIVIL ACTION NO. 4:11-CV-03082 |

**GREATER HOUSTON ALL-PRO AUTO INTERIORS, LLC, AND KYLE A. ANDERSON'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants GREATER HOUSTON ALL-PRO AUTO INTERIORS, L.L.C., and KYLE A. ANDERSON file this Motion to Dismiss For Failure to State a Claim, as authorized by Federal Rule of Civil Procedure 12(b)(6), or, in the Alternative, Motion for More Definite Statement, as authorized by Fed. R. Civ. P. 12(e). Defendants, Greater Houston All-Pro Auto Interiors, L.L.C. and Kyle A. Anderson seek relief from Plaintiff, David Neman's First Amended Complaint and Dent Wizard's Cross-Claim and Supplemental Cross-Claim.

**I.**

**Motion to Dismiss**

**A. Introduction**

1. Plaintiff is David Neman (hereinafter "Plaintiff" or "Neman").

2. Defendants are Greater Houston All-Pro Interiors, L.L.C. (hereinafter "All-Pro") and Kyle A. Anderson (hereinafter "Anderson").

3. Neman sued All-Pro and Anderson for recovery of overtime pay pursuant the Fair Labor Standards Act. The action was brought as a collective action to 29 U.S.C. sec. 216(b).

4. Defendant and Cross-Plaintiff Dent Wizard International Corporation (hereinafter "Dent Wizard") brought a cross-claim and supplemental cross-claim against All-Pro asserting contractual indemnification for All-Pro's alleged acts or omissions.

5. In his First Amended Complaint (sometimes "Amended Complaint" or "Complaint"), Neman did not state a claim upon which relief can be granted. The claim consists of legal conclusions without sufficient factual allegations to show that Neman could plausibly be entitled to relief. Neman does not make any factual allegations that demonstrate that he is an employee of All-Pro and/or Anderson. Neman admits that he signed a non-compete agreement but fails to inform the Court that the non-compete agreement is part of a comprehensive Independent Contractor's Agreement. Because Neman's factual allegations are insufficient to identify him as an All-Pro and/or Anderson employee, the Court should dismiss the suit or in the alternative, order Neman to plead a more definite statement.

## B. <u>Argument</u>

6. The Court has authority to dismiss a case for failure to state a claim upon which relief may be granted if the complaint does not state factual allegations showing that the right to relief is plausible and above mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007).

**All-Pro**

7. Plaintiff's First Amended Complaint does not provide All-Pro with fair notice of Neman's claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. *Bell Atl. Corp.*, 550 U.S. at 555 n.3. The First Amended Complaint fails to state factual allegations in support of its conclusions that Neman is a non-exempt employee; that All-Pro was Neman's employer; that All-Pro is an enterprise engaged in commerce or in the production of goods for commerce; that Neman is not an independent contractor; or that All-Pro acted knowingly, willfully, or in reckless disregard of the FLSA.

8. Neman's Complaint includes various conclusory statements such as:

> "Plaintiff is a non-exempt employee within the meaning of the FLSA and within the relevant three year period. Plaintiff did not receive overtime compensation for hours worked in excess of 40 hours per week." (Amended Complaint, para. 2)

> "The class of similarly situated employees consists of all current and former non-exempt employees employed by Defendants in the positions of "interior repairman" or other positions with the same or similar duties that have not been properly paid overtime compensation for all hours worked in excess of forty (40) hours per week during the last three years.
>
> "At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. 203(d)." (Amended Complaint, para. 10).
>
> "At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. sec. 203(r)." (Amended Complaint, para. 11).
>
> "At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. sec. 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any other person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated)." (Amended Complaint, para. 12)
>
> "At all times hereinafter mentioned, Plaintiff was an individual employee engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. Secs. 206-207." (Amended Complaint, para. 13)
>
> "Plaintiff is employed by Defendants as an interior repairman. Plaintiff has been employed by one or more of the Defendants since September, 2008." (Amended Complaint, para. 14)
>
> "However, Plaintiff is not an independent contractor." (Amended Complaint, para. 20)
>
> "Defendants knowingly, willfully or with reckless disregard of the FLSA's requirements carried out their illegal pattern or practice regarding overtime compensation for their employees, including Plaintiff." (Amended Complaint, para. 29)

9. Because these statements are merely conclusions, they are not entitled to an assumption of truth and should be disregarded. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

10. The First Amended Complaint includes factual allegations that do not show a right to relief that is plausible as to Defendants All-Pro and Anderson. *See Brooks*, 578 F.3d at 581. Specifically, Neman made the following factual allegations:

> "Plaintiff is stationed at CarMax located at 7111 Southwest Freeway, Houston, Texas. CarMax contracts with Defendants to provide interior and dent repair for CarMax vehicles." (Amended Complaint, para. 15)
>
> "Plaintiff reports to a CarMax manager when he arrives at work and the CarMax manager gives him a work order." (Amended Complaint, para. 16)
>
> "The vehicle listed on the work order is located on the lot and sent to the body shop. Plaintiff repairs the vehicle in accordance with the work order. The repairs are priced according to a Dent Wizard price chart. At the conclusion of his repair, Plaintiff enters the work order and repair details in his PDA and then takes his PDA to a CarMax manager who then signs off on the work order via the PDA. An electronic invoice is then sent directly to Dent Wizard and two (2) hard copies of the invoice are printed with Car Max and All-Pro each receiving a copy of the invoice." (Amended Complaint, para. 16).
>
> "Plaintiff is not allowed a vacation." (Amended Complaint, para. 18)
>
> "Plaintiff is paid a percentage of the amount charged to the customer." (Amended Complaint, para. 19)
>
> "Defendants treat Plaintiff as an independent contractor. Plaintiff receives a 1099, is not entitled to benefits and has no taxes withheld from his paychecks." (Amended Complaint, para. 20)

11. Even if these factual allegations are assumed to be true, they do not show a right to relief that is more than mere speculation. *See Bell Atl. Corp.*, 550 U.S. at 555; *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). In particular, the allegations indicate that Plaintiff was not paid on a time basis but on the basis of work completed. Further, the allegations of Neman indicate that CarMax, if anyone, employed or controlled Neman, not All-Pro or Anderson.

12. Neman has failed to allege typical facts to support a claim of employment because those facts do not exist. Specifically, Newman makes conclusory allegations of control by Defendants because the contract between the parties does not control or address his hours or methods of work, or how Neman is to perform his day to day operations. In fact, the contract

with All-Pro simply defines the territory where Neman is to operate and establishes his right to purchase and lease supplies and materials. (The Independent Contractor Agreement between All-Pro and Neman, as well as the W-9 signed by Neman as a contractor, are attached hereto as Exhibits "A" and "B" respectively, with the Affidavit of Cynthia Muniz.) Neman is compensated under the twelve (12) month contract so that he received a forty percent (40%) commission for amounts charged and collected from customers. In fact, the Independent Contractor Agreement provides Neman would be "back-charged" for any amounts not collected within one hundred twenty (12) days. Accordingly, Neman, unlike an employee, was at risk in the venture.

**<u>Anderson</u>**

13. The complaint does not provide Anderson with fair notice of Neman's claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The complaint fails to state factual allegations in support of its conclusion that Anderson was Neman's employer; that Anderson is an enterprise engaged in commerce or in the production of goods for commerce; or that Anderson acted knowingly, willfully, or in reckless disregard of the FLSA.

14. Neman's complaint includes the following conclusory statements regarding Anderson (in addition to those conclusory statements referenced above that apply to all defendants):

> "Upon information and belief, Kyle A. Anderson created, ratified and implemented All-Pro's unlawful payment scheme, thus Kyle A. Anderson has acted directly or indirectly as an employer within respect to the Plaintiffs and the members of the class." (Amended Complaint, para. 6)

15. Because these statements are merely conclusions, they are not entitled to an assumption of truth and should be disregarded. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

16. As detailed above, Neman's complaint includes factual allegations that do not show a right to relief that is plausible. *See Brooks*, 578 F.3d at 581. The factual allegations are insufficient to establish liability on the part of Anderson.

**<u>Collective Action Allegations</u>**

17. The complaint does not provide fair notice of the collective action claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The complaint fails to state factual allegations that would support a collective action.

18. The complaint includes the following conclusory statements:

"Plaintiff is aware of other employees who have been victimized by the pattern, practice or policy of Defendants in violation of the FLSA." (Amended Complaint, para. 30)

"Upon information and belief, Defendants failure to pay overtime compensation is a generally applicable policy and practice and does not depend on the personal circumstances of the members of the putative class. Thus, Plaintiff's experience is very typical of the experience of the members of the putative class." (Amended Complaint, para. 31)

19. Because these statements are merely conclusions, they are not entitled to an assumption of truth and should be disregarded. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Neman fails to identify who the other alleged "employees" are. If he is referencing other independent contractors, then Neman is seeking to support his claim with individuals who are not similarly situated. As independent contractors, those individuals operate in different territories, provide their services at different times, at different locations, and in different manners. If fact, some of All-Pro's independent contractors have various employees working for them.

## II.

### Cross-Claim

20. Dent Wizard's cross-claim is entirely dependent upon All-Pro's acts or omissions. Because the Amended Complaint does not state facts that, if true, would plausibly entitle Neman to relief, the cross-claim fails with the dismissal of Neman's Amended Complaint. Therefore, the Court should dismiss Dent Wizard's cross-claim.

### Conclusion

21. Because Neman did not state a claim against All-Pro or Anderson upon which relief can be granted, the Court should dismiss the suit. In addition, because the complaint is insufficient to support a collective action, the Court should dismiss the collective action pleading.

## III.

## Motion for More Definite Statement

### A. Introduction

22. In the alternative, the complaint is so vague and ambiguous that All-Pro and Anderson cannot file a responsive pleading; therefore, the court should require Neman to amend his complaint with a more definite statement of the suit.

### B. Argument

23. A motion for a more definite statement is proper when a complaint is so vague or ambiguous that the defendant cannot reasonably prepare a response. Fed. R. Civ. P. 12(e); *see* Fed. R. Civ. P. 8(a)(2); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 983-84 (11th Cir. 2008). Neman's complaint alleged facts that are so vague and ambiguous that defendant cannot file a response. All of the argument stated in the preceding paragraphs with respect to Defendants' Motion to Dismiss are equally applicable in this Motion for More Definite Statement and are fully incorporated herein.

### Conclusion

24. Because Neman has not pleaded enough facts to allow All-Pro and Anderson to file a responsive pleading, the Court should require Neman to amend his complaint with a more definite statement of the suit.

### Prayer

WHEREFORE, PREMISES CONISDERED, Defendants GREATER HOUSTON ALL-PRO AUTO INTERIORS, L.L.C. and KYLE A ANDERSON request that this motion be granted, that this cause be dismissed pursuant to Federal Rules of Civil Procedure, and that the Court grant them such other and further relief, both at law or in equity, to which they may show themselves justly entitled to receive.

                                      Respectfully submitted,

                                      **MASON, COPLEN & BANKS, P.C.**

                                By:   /s/     Jess W. Mason
                                          **JESS W. MASON**
                                          Fed ID #9961
                                          **JOHN AKARD, JR.**
                                          SBN# 00790212

Of Counsel:

**MASON, COPLEN & BANKS, P.C.**
7500 San Felipe, Suite 700
Houston, Texas  77063-1709
Telephone:  (713) 785-5595
Facsimile:  (713) 785-8651

**Attorneys for Defendants,
GREATER HOUSTON ALL-PRO AUTO
INTERIORS, LLC and KYLE A. ANDERSON**

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY that a true and correct copy of the foregoing ***Defendants Greater Houston All-Pro Auto Interiors, LLC and Kyle A. Anderson's Motion to Dismiss for Failure to State a Claim or, In the Alternative, Motion for More Definite Statement*** has been served upon all counsel of record via electronic and/or regular mail on this 7th day of February, 2012.

                                                  /s/     Jess W. Mason
                                                   JESS W. MASON

Kevin S. Dunagan
THE DUNAGAN LAW FIRM, P.C.
2777 Allen Parkway, Suite 800
Houston, Texas  77019

Sean D. Forbes
NEEL, HOOPER & BANES, P.C.
1800 West Loop South, Suite 1750
Houston, Texas  77027